IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FARM CREDIT SERVICES OF
AMERICA, PCA,

    Plaintiff,

v.

KENNITH WARREN WESTCOTT,

    Defendant.

Case No. CIV-20-1116-D

## ORDER

Before the Court is Plaintiff Farm Credit Services of America, PCA's Motion for Entry of Default Judgment and Brief in Support [Doc. No. 8]. On January 8, 2021, the Court Clerk entered default against Defendant Kennith Warren Westcott. Defendant has not responded to the Motion. Although duly served with process, Defendant has failed to appear and answer or otherwise respond.

## BACKGROUND

On November 5, 2020, Plaintiff filed the present action alleging Defendant was in breach of a retail installment contract for the purchase of three Reinke 2065 Center Pivots ("the Equipment").[1] Plaintiff's claims included breach of contract, a replevin prejudgment order for delivery pursuant to OKLA. STAT. tit. 12, § 1571, and common law replevin. On November 30, 2020, Defendant was personally served with the Summons and Complaint.

---

[1] The three center pivots are described as Reinke 2065 Center Pivot, Serial Number 0116-66261-2065, Reinke 2065 Center Pivot, Serial Number 1215-66100-2065, and Reinke 2065 Center Pivot, Serial Number 0116-66183-2065

1

*See* Acknowl. of Service [Doc. No. 5]. To date, Defendant has neither answered nor otherwise responded to the Complaint.

On January 8, 2021, the Court Clerk entered default against Defendant for failure to plead or otherwise defend the present action. [Doc. No. 9]. Pursuant to FED. R. CIV. P. 55(a), Plaintiff moves for an entry of default judgment in the amount of $171,383.87, plus interest, costs, and reasonable attorneys' fees. Plaintiff also seeks a judgment declaring Plaintiff's interest in the Equipment is senior and prior to Defendant's interest and declaring Plaintiff's right to possession of the Equipment.

## STANDARD OF DECISION

The entry of default judgment is committed to the sound discretion of the Court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). The Court may consider a variety of factors in the exercise of such discretion, including:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted).[2] Default judgments are generally disfavored in light of the policy that cases should be decided on their merits whenever reasonably possible. *In re Rains*, 946 F.2d 731, 732–33

---

[2] "Although the *Ehrenhaus* test was born from a decision to dismiss a case, it is equally applicable to motions for default judgment." *Tom v. S.B., Inc.*, 280 F.R.D. 603, 610 (D.N.M. 2012) (citing *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011)).

(10th Cir. 1991). Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party. *Id.*

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure provides two distinct sequential steps when a defendant fails to answer or otherwise defend against an action: the entry of default and the entry of default judgment. *See* FED. R. CIV. P. 55(a), (b); *Guttman v. Silverberg*, 167 F. App'x 1, 2 n.1 (10th Cir. 2005) (unpublished) ("The entry of default and the entry of a judgment by default are two separate procedures."). Initially, a party must ask the Clerk of Court to enter default. FED. R. CIV. P. 55(a). Only after the Clerk has complied may a party seek default judgment. *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (unpublished) (finding that entry of default is a prerequisite for the entry of a default judgment under Rule 55(b)(1)). The procedural requirements for a grant of default judgment by the Court is that the application be accompanied by an affidavit in compliance with LCvR 55.1, which states "[n]o application for a default judgment shall be entertained absent an affidavit in compliance with the Servicemembers Civil Relief Act, [50 U.S.C. § 3931]." Here, Defendant has failed to answer or plead, default was entered by the Clerk, and Plaintiff has satisfied the Court's procedural requirements. *See* Pl.'s Mot. [Doc. No. 8-2].

Upon an entry of default, the Court takes all of the well-pleaded facts in a complaint as true. *See Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts."); *United States v. Craighead*, 176 F. App'x 922, 924 (10th

Cir. 2006) ("'The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'") (unpublished) (citation omitted).

The Court, however, need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages sought. Therefore, before granting a default judgment, the Court must first ascertain whether the uncontested facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *See, e.g., Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274–75 (D. Kan. 2016) ("'Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law.' . . . Furthermore, a default judgment does not establish the amount of damages. . . . Plaintiff must establish that the amount requested is reasonable under the circumstances.") (internal citations omitted); *Gunawan v. Sake Sushi Restaurant*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("[A] default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading. Thus, with respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.").

"'If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further

hearing.'" *Craighead*, 176 F. App'x at 925 (internal citation omitted); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation."). Accepting the well-pled allegations in the Complaint as true and for the reasons stated below, the Court finds that the allegations support entry of a default judgment. The amount prayed for in the Complaint is a sum certain for the breach of a retail installment contract plus calculable interest, cost, and attorneys' fees. To demonstrate a breach of contract, Plaintiff must prove "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." *Digital Design Group, Inc. v. Info. Builders, Inc.*, 2001 OK 21, ¶ 33, 24 P.3d 834, 843.

The Complaint alleges that Defendant entered into a contract with Farm Credit Services of America, PCA to purchase the Equipment.[3] In the Contract, Defendant agreed to make annual installment payments beginning on March 1, 2017, and ending on March 1, 2023. *See* Compl. [Doc. No. 1] ¶ 5. Each payment was to be in the amount of $41,505.41, which included principal and interest at an annual percentage rate of 4.250%. *Id.* In March 2020, Defendant failed to make his annual payment, thereby breaching the Contract. *Id.* ¶ 10. Pursuant to the terms of the Contract, an "Event of Default" occurred, and in accordance with Section 10 of the Contract, Plaintiff accelerated all sums due and owing. *See* Ex. 1 to the Compl. [Doc. No. 1-1].

---

[3] Plaintiff attached the Contract as Exhibit 1 to the Complaint. *See* Ex. 1. to the Compl. [Doc. No. 1-1].

Accordingly, it is evident from the record before the Court that a contract was formed between the parties, there was a breach by Defendant, and Plaintiff suffered calculable damages as a direct result of that breach. Because Defendant has failed to respond or defend this action in any way, the Court finds default judgment is appropriate under the circumstances.

Upon review of the submissions, the Court finds Plaintiff is entitled to contractual damages in the amount of $171,373.87, which includes $149,635.51 in principal, $18,407.77 in accrued interest, and $830.11 in late fees. Plaintiff is further entitled to post-judgment interest as allowed by statute, costs, and reasonable attorneys' fees as may be determined on separate motion by Plaintiff.

The Court also finds that Plaintiff is entitled to an Order declaring Plaintiff's interest in the Equipment is senior and prior to the interest of Defendant. The Court also finds that Plaintiff is entitled to possession of the Equipment. Defendant shall take all reasonable steps to provide possession of the Equipment to Plaintiff.

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment [Doc. No. 8] is **GRANTED** as set forth herein. A separate Default Judgment shall be issued accordingly.

**IT IS SO ORDERED** this 10th day of February, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge